UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**FILED**

SEP 2 2009

CLERK, US DISTRICT COURT, WDNY

RUBEN VICTOR CENTENO-BERNUY, et al.,

Plaintiffs,

v.

03-CV-457

DONALD A. PERRY,

Defendant.

FAILURE TO FILE

PLAINTIFFS' VIOLATION OF ORDER

Failure to file objections to Order within the
Specified time waves the right to appeal the District
Court Order (Page 19, Report, Recommendation and
order / attached) (R R O)
any objections to this R R O must be filed with the
Clerk of this Court within Ten (10) days after receipt
of a copy of this R R O in accordance with the
above statutes (Page 19/20 attached). R R O filed
07/14/09 (Page 19, attached)

The Parties shall appear in Court on August 28,
2009 at 9:00 a.m. for a meeting to set a trial
date (Page 2, Order dated August 5, 2009 (Page 2 attached)
August 28, 2009 is forty-six (46) days after 07/14/09

PLAINTIFFS FAILURE TO FILE

The Plaintiffs failed to file any arguments prior
to opening of Court on aug 28, 2009 at 9:00 AM
for a meeting to set a trial date. (Page 2, Order, attached)

(1)

Plaintiffs oration to the Court at the opening of the meeting to cancel any trial, telling the Court the Plaintiffs did not wish to proceed to trial constitutes a violation of the Order time line of Ten (10) days from 8-5-09.

Furthermore the Plaintiffs failed to file any documentation outlining their intentions to tell the Court or the Defendant that they did not want to proceed to trial for any reasons what so ever. Their action is a violation of the intent of the Court convening the meeting, i.e. to set a trial date.

The reluctance of any witnesses to testify against the defendant in a Jury trial (Pag 19, RRD attached) is no reason to deny the Defendant a public trial by Jury. Such an argument is a violation of the Defendant's Rights to a Jury Trial under the seventh (7th) amendment of the United States Constitution.

## PLAINTIFFS ARE ABSCONDERS IN THE UNITED STATES ILLEGALLY

In the middle of the night of 11-2-01, the Plaintiffs absconded from their place of employment in violation of their H2A contract, aided and abetted by Daniel Werner) FLSMY and Florida) RO2 U S District Court/WDNY Chief Judge Richard J. Arcara subsequently decreed that they indeed did abscond and are residing in the Country illegally. (attached excerpt, FINDINGS OF FACT,) and (attached excerpt from IRCA of 1986)

(2)

## PLAINTIFFS ARE DEPORTABLE

Non immigrant alien H2A contract workers who fail to maintain their non-immigrant status are deportable. (USC, Title 8, Chapt 12, Subchapter II, Part IV, Sec 1227(a)(2)(c), page 04-014-134, attached)

## DEFENDENTS REQUEST FOR A COURT MEETING

The Defendent requests the court to grant him his right to a Jury Trial.

The Defendent requests the Court to reconvene for a meeting to set a date for a Jury Trial at the convenience of the Court and the Parties

Respectfully

DATED:
September 1, 2009

Donald A. Perry, Pro Se
DONALD A. PERRY

COPIES TO:
Steven E. Cole, Director/FLSNY
Erin Flynn Casey/FLSNY
Molly Craner/FLSNY


Rodney C. Early
Clerk of the court
US District Court-WDNY

In granting plaintiffs' motion for a preliminary injunction, the district court determined that defendant's allegations "negatively affects plaintiffs' ability to enforce their rights under the FLSA" and "have also caused potential witnesses . . . to be reluctant to testify." Dkt. #59, p.12. At this point, however, plaintiffs have resolved their FLSA claims against Becker Farms. As a result, it is the opinion of this Court that a permanent injunction is unnecessary. Therefore, it is recommended that this request for relief be denied.

## **CONCLUSION**

For the reasons set forth above, it is recommended that defendant's motion to dismiss the complaint and preliminary injunction (Dkt. ##112 & 118), be denied and plaintiffs' motion be granted in so far as plaintiffs seek a determination that defendant retaliated against them in violation of 29 U.S.C. § 215(a)(3), but denied in so far as plaintiffs seek the remedy of a permanent injunction.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this

Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

-20-

The Clerk is hereby directed to send a copy of this Report,

Recommendation and Order to plaintiffs' attorney and to the defendant.

**SO ORDERED.**

DATED:     Buffalo, New York
           July 14, 2009

                              s/ H. Kenneth Schroeder, Jr.
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**

## <u>FINDINGS OF FACT</u>

The plaintiffs are from Peru and entered this country legally as non-immigrant H-2A agricultural workers.[2]

[2]    H-2A workers are non-immigrant aliens admitted to the United States for agricultural labor or services of a temporary or seasonal nature. See 8 U.S.C. § 1101(a)(15)(H)(ii)(a); 20 C.F.R. § 655.100(b). The H-2A worker is only admitted into the United States to work for a designated employer and for the duration of the certified period of employment, which cannot exceed one year. If the employment relationship ends--whether the employee quits or the employer terminates the employment--the H-2A visa expires, and the worker must leave the United States. See 8 C.F.R. §§ 214.2(h)(5)(vii), (h)(11)(iii)(A)(1), & (h)(13).

Moreover, having left the H2-A program and absconded, it appears undisputed that plaintiffs are now, in fact, in this country illegally.

Perry testified that in June 2003, he received a message on his telephone answering machine from AAG Higgins, which stated as follows:

> Hi Mr. Perry. This is Michael Higgins again. I just want to explain vis-a-vis an extension of that previous message. We are in settlement agreement with the farm's lawyer. In order to bring any kind of civil proceedings against you within the laws that we enforce, we would have to prove that you were an agent of the farm, and it is just that we don't think that we could prevail under that statute and our chances of prevailing are not good. I hope that answers your question.

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: December 18, 2003

=

An Act to amend the Immigration and Nationality Act to revise and reform the immigration laws, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States

of America in Congress assembled,

## SECTION 1. SHORT TITLE; REFERENCES IN ACT.

*IRCA of 1986*

(a) SHORT TITLE. — This Act may be cited as the "Immigration Reform and Control Act of 1986". "8 USC 1101 note"

(b) AMENDMENTS TO IMMIGRATION AND NATIONALITY ACT. — Except as otherwise specifically provided in this Act, whenever in this Act an amendment or repeal is expressed as an amendment to, or repeal of, a provision, the reference shall be deemed to be made to the Immigration and Nationality Act.

## TABLE OF CONTENTS

*M/S A W PA*
*Pg 16*                    *Pg 26(c).*

Sec. 1. Short title; references in Act.

### TITLE I -- CONTROL OF ILLEGAL IMMIGRATION

#### PART A -- EMPLOYMENT

Sec. 101. Control of unlawful employment of aliens.

Sec. 102. Unfair immigration-related employment practices.

Sec. 103. Fraud and misuse of certain immigration-related documents.    *Special Counsel Pg 19* . 18

#### PART B -- IMPROVEMENT OF ENFORCEMENT AND SERVICES    *Pg*

Sec. 111. Authorization of appropriations for enforcement and service activities of the Immigration and Naturalization Service.    23

Sec. 112. Unlawful transportation of aliens to the United States.    24

Sec. 113. Immigration emergency fund.    24

Sec. 114. Liability of owners and operators of international bridges and toll roads to prevent the unauthorized landing of aliens.    25

Sec. 115. Enforcement of the immigration laws of the United States.    27

Sec. 116. Restricting warrantless entry in the case of outdoor agricultural operations.    27

Sec. 117. Restrictions on adjustment of status.    28
                                                                                    28

*750th @ 120 = 90,000*

*SHYSTER - a lawyer who uses unprofessional or questionable methods*

http://www.oig.lsc.gov/legis/irca86.htm

*7/29/2007*

SEC. 112. UNLAWFUL TRANSPORTATION OF ALIENS TO THE UNITED STATES.

Case 1:03-cv-00457-RJA-HKS    Document 127    Filed 09/02/2009    Page 9 of 13

112

(a) CRIMINAL PENALTIES. -- Subsection (a) of Section 274 (8 U.S.C. 1324) is amended to read as follows:

"(a) CRIMINAL PENALTIES. -- (1) Any person who --

①

"(A) knowing that a person is an alien, brings to or attempts to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry or place other than as designated by the Commission, regardless of whether such alien has received prior official authorization to come to, enter, or reside in the United States and regardless of any future official action which may be taken with respect to such alien;

"(B) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law;

"(C) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation; or

"(D) encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law,

shall be fined in accordance with title 18, United States Code, imprisoned not more than five years, or both, for each alien in respect to whom any violation of this subsection occurs.

"(2) Any person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien shall, for each transaction constituting a violation of this paragraph, regardless of the number of aliens involved --

"(A) be fined in accordance with title 18, United States Code, or imprisoned not more than one year, or both; or

"(B) in the case of --

"(i) a second or subsequent offense,

"(ii) an offense done for the purpose of commercial advantage or private financial gain, or

"(iii) an offense in which the alien is not upon arrival immediately brought and presented to an appropriate immigration officer at a designated port of entry, be fined in accordance with title 18, United States Code, or imprisoned not more than five years, or both.".

R-69
(CONT)

**Illegal immigration is crime.** 
See Defendant Perry's exhibit #5, tape transcription, first page, second paragraph.

Hard to believe this is necessary, but here for the record are just a few of the federal citations that spell out the crime and punishment for aliens who trespass against our borders, and those who assist them. It is illegal.

### *Violating the Borders Is Against the Law*
United States Code. TITLE 8, CHAPTER 11, SUBCHAPTER II, PART VII, Sec.1325

Sec.1325.-Improper entry by alien

(a) Improper time or place; avoidance of examination or inspection; misrepresentation and concealment of facts.

Any alien who(1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) <u>attempts to enter or obtain entry into the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall</u>, for the first commission of any such offense, <u>be fined</u> under title 18 <u>or imprisoned</u> not more than 8 months, o both and, for a subsequent commission of any such offense, be fined under title 18, or imprisoned not more than 2 years, or both.

### *Overstaying a Visa Is Against the Law* ③

United States Code. TITLE 8, CHAPTER 12, SUBCHAPTER II, Part IV, Sec.1227(a)(2)(C)

(I) Nonimmigrant status violators (H2A farm workers)

<u>Any alien</u> who was admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted or to conditions of any such status, is <u>deportable.</u>

### *Hiring, Recruiting, and Harboring Illegal Aliens Are All Federal Felony Offenses* ④
United States Code. TITLE 8, CHAPTER 12, SUBCHAPTER 11, Part VIII.

Sec.1323. Unlawful bringing in of aliens into United States: "It shall be unlawful for any person... to bring to the United States from any place outside thereof... any alien who does not have a valid passport and an unexpired visa..."

Sec.1324. Bringing in and harboring certain aliens: <u>Any person</u> "<u>knowing or in reckless disregard of the fact that an alien has come to, remains entered, or in the United States in violation, conceals, harbors, or shields from detection, such alien in any place" shall be "fined" or "imprisoned ."</u>

Sec. 1324a. Unlawful employment of aliens: "It is unlawful for a person or other entity to hire, or <u>to recruit.. for employment in the United States an alien knowing the alien is an unauthorized alien...</u>"



Eliot Spitzer's File on Perry

04-014-134

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

======================================================

RUBEN VICTOR CENTENO-BERNUY, et al.,

                              Plaintiffs,

                                                    ORDER
          v.                                        03-CV-457

DONALD A. PERRY,

                              Defendant.

======================================================

        The above-referenced case was referred to Magistrate Judge H. Kenneth

Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1)(A).  On July 14, 2009,

Magistrate Judge Schroeder filed a Report and Recommendation, recommending

defendant's motion to dismiss the complaint and preliminary injunction be denied

and plaintiffs' motion be granted in so far as plaintiffs seek a determination that

defendant retaliated against them in violation of 29 U.S.C. § 215(a)(3), but denied

in so far as plaintiffs seek the remedy of a permanent injunction.

        The Court has carefully reviewed the Report and Recommendation, the

record in this case, and the pleadings and materials submitted by the parties.  No

objections having been timely filed, it is hereby

        ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set

forth in Magistrate Judge Schroeder's Report and Recommendation, defendant's

motion to dismiss the complaint and preliminary injunction is denied and plaintiffs'

                              1                    original Rec'd 8-7-09

motion is granted in so far as plaintiffs seek a determination that defendant

retaliated against them in violation of 29 U.S.C. § 215(a)(3), but denied in so far

as plaintiffs seek the remedy of a permanent injunction.

The parties shall appear in Court on August 28, 2009 at 9:00 a.m. for a

meeting to set a trial date.

SO ORDERED.

s/ Richard J. Arcara

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  August 5, 2009

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RUBEN VICTOR CENTENO-BERNUY, et al.,

Plaintiffs,

v.

03-CV-457

DONALD A. PERRY,

Defendant.

NOTICE OF SERVICE

I, Donald A. Perry, swear that on this date, September 1, 2009. I sent by US mail the attached Request FOR MEETING To the US District Court-WDNY clerk.

Copies were also faxed to Farm workers Legal Services of New York/FLSNY Lawyers Steven E. Cole, Erin Flynn Casey and Molly L. Craven, attorneys for the Plaintiffs.

Donald A Perry, Pro Se
DONALD A PERRY

Dated:
September 1st, 2009